STATE of Missouri, Respondent,

v.

Nathaniel FLENOID, Appellant.

No. 62192.

Supreme Court of Missouri,
En Banc.

June 11, 1981.

Springfield Baldwin, St. Louis, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Judge.

Appellant was charged by Indictment with the crime of First Degree Murder, a class A felony, in violation of § 565.003, RSMo; and thereafter, he was tried to a jury which returned a verdict of guilty and fixed punishment under § 565.008.2, RSMo, at imprisonment for life. The court entered judgment accordingly and this appeal followed.

Although the facts involved the unnecessary and tragic death of one Helen Faibish on March 21, 1979, at 5947 Kingsbury in the City of St. Louis, any detailed recitation thereof would not aid in resolution of the primary problem presented, i. e., failure to instruct the jury as mandated by MAI–CR2d in the 15.00 Series applicable to homicides committed after May 25, 1977.

As noted, the charge was first degree murder and that was the sole and only degree of homicide submitted for consideration by the jury. Under MAI–CR2d 15.00, Note 3(e) on page 15–6 provides that:

"... if murder in the first degree is the highest homicide submitted, the court *must* give the following instruction:

"MAI–CR 15.18 on conventional manslaughter."

(Emphasis added.)

Consistent therewith is the directive found thereafter on page 15–7 that: "... an instruction on conventional manslaughter (MAI–CR 15.18) must be given when any higher homicide offense is submitted."

To those aware of the problem, it is readily apparent that compliance with the seemingly clear instructions just noted would contribute more to the orderly administration of justice than have the efforts of this and other appellate courts to approve or disapprove of the absence thereof in specific cases.

Other points presented in written briefs and oral arguments involve issues that may or may not arise in the same context on retrial and need not be explored at this time.

The judgment is reversed and remanded for further proceedings.

BARDGETT, C. J., and RENDLEN, SEILER, WELLIVER and HIGGINS, JJ., concur.

DONNELLY, J., concurs in result.