**STATE of Missouri, Respondent,**

v.

**Ranzay Jackson GORDON, Appellant.**

No. 62361.

Supreme Court of Missouri,
Division Two.

Sept. 8, 1981.

Rehearing Denied Oct. 13, 1981.

———

Springfield Baldwin, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Mark Comley, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Ranzay Jackson Gordon was charged by indictment with, and found guilty by a jury of, First Degree Murder, a Class A felony, in violation of § 565.003 RSMo 1978. The jury fixed the punishment pursuant to § 565.008.2 at imprisonment for life. The court entered judgment accordingly and this appeal followed.

A jury reasonably could find from the evidence that on September 26, 1979 in the City of St. Louis, that while engaged in the commission of the felony of robbery, appellant shot and killed Prentice Taylor.

As noted, the charge was first degree murder, and that was the only degree of homicide submitted for consideration by the jury. Appellant's sole contention on this appeal is that reversible error resulted from the failure of the court to instruct the jury as mandated by MAI–CR2d in the 15.00 Series applicable to homicides committed after May 25, 1977.

Note 3(e) under MAI–CR2d 15.00 provides:

"* * * if murder in the first degree is the highest homicide submitted, the court *must* give the following instructions:
"MAI–CR 15.18 on conventional manslaughter."
(Emphasis added.)

In *State v. Flenoid,* 617 S.W.2d 75 (Mo. banc June 1981), a case involving the precise issue here, this Court stated:

"To those aware of the problem, it is readily apparent that compliance with the seemingly clear instructions just noted [Note 3(e) under MAI–CR2d 15.00] would contribute more to the orderly administration of justice than have the efforts of this and other appellate courts to approve or disapprove of the absence thereof [the instruction on conventional manslaughter] in specific cases."

The judgment is reversed and the cause remanded.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

WELLIVER, P. J., and HIGGINS and SEILER, JJ., concur.